MAGNOLIA PETROLEUM CO. v. CITY OF TONKAWA et al.

No. 29729.   May 27, 1941.

Rehearing Denied June 17, 1941.

*114 P. 2d 474.*

Walace Hawkins, of Dallas, Tex., B. B. Blakeney and B. B. Blakeney, Jr., both of Oklahoma City, and Neal A. Sullivan, of Newkirk, for plaintiff in error.

W. W. Davis, of Tonkawa, and Tom L. Irby, of Ponca City, for defendants in error.

ARNOLD, J.   This is an appeal from the district court of Kay county wherein the Magnolia Petroleum Company sought a peremptory writ of mandamus to compel the defendants to issue a building permit for an addition to a filling station. The trial court dismissed the alternative writ and denied the peremptory writ of mandamus, from which judgment the plaintiff appeals.

The record discloses that the plaintiff is the owner of the property involved herein; that during the months of February, March, and April, 1927, it obtained a building permit from the city

of Tonkawa and built a filling station thereon; that the plaintiff or its lessees have operated such filling station since its completion; that since 1929 it has leased the premises to the Benson Oil Company and it has operated the filling station; that the said Benson Oil Company has also washed and greased cars in connection therewith; however, there has been no building thereon in which to house this part of the business; that in December, 1938, and again in February, 1939, the plaintiff made application for a permit to build an addition to the filling station for the purpose of having a place in which to wash and grease cars, submitting therewith the plans and specifications of said addition in full compliance with the requirements of Ordinance No. 374; that this property is in the area zoned for business buildings; that the defendants denied the permit for the reason that Ordinances Nos. 190 and 335 prohibited the building of a filling station within 200 feet of a residence, and for the further reason that such addition would create a traffic hazard and also would create a nuisance, both of which would endanger the public health and safety of its citizens. Ordinance No. 190 provided in part that no filling station shall be erected within 200 feet of a private residence. On February 15, 1937, the city council enacted Ordinance No. 332, which provided specific requirements as to the building of filling stations; however, such act did not contain the provision that a filling station shall not be built within 200 feet of a residence; the ordinance repealed all ordinances in conflict therewith, and the title to same specifically repealed Ordinance No. 190. On May 17, 1927, the city council enacted Ordinance No. 335, which ordinance is almost verbatim with Ordinance No. 190. During the interim between February 15, 1927, and May 17, 1927, a permit was issued and the plaintiff built the filling station involved herein; such filling station being within 200 feet of a private residence. As above stated, the plaintiff now proposes to build an addition thereto.

The first proposition presented by the plaintiff is that the construction of the proposed addition to the plaintiff's service station would not be violative of the ordinances of the city of Tonkawa.

The record discloses that the plans and specifications for the proposed addition to the plaintiff's filling station met all of the requirements prescribed by Ordinance No. 374; that same were submitted to the city clerk and the required fees paid; that under the terms of such ordinance, the city clerk and the mayor must issue the building permit, when the provisions thereof are complied with, they being granted no discretionary powers thereunder. Since the property is located in an area zoned for business buildings, and since the plaintiff has complied with all the provisions of said ordinance, the issuance of the permit is purely a ministerial act. Therefore, the plaintiff is entitled to such building permit as a matter of right, unless the use to which the property is being put is restricted by some other ordinance.

Ordinance No. 335 provides in part that "it shall be unlawful for any person, persons, firm, corporation or partnership to erect or cause to be erected any gasoline or kerosene filling station within two hundred (200) feet of any private residence." The proposed addition is not a filling station within the purview of this ordinance; the filling station is erected and was erected prior to the effective date thereof and the plaintiff and its lessees have operated the business therein continuously since its erection. There are no provisions therein in any way affecting an addition to an existing filling station. Ordinance No. 374 contains the only provisions affecting this proposed addition, and they have been complied with.

The defendant contends that Ordinance No. 190 was not repealed by Ordinance No. 332; that the restriction preventing the erection of a filling station within two hundred (200) feet of a private residence has been and was in effect long prior to the erection of this

filling station in 1927. With this contention we cannot agree. The provisions of Ordinances Nos. 190 and 335 are almost verbatim. The title of Ordinance No. 332, as well as the provisions thereof, clearly discloses the intention thereof to repeal Ordinance No. 190 and to revise the entire subject matter affected by such ordinance. We, therefore, hold that Ordinance No. 190 was repealed by Ordinance No. 332. Erwin v. Wheeler, 31 Okla. 331, 120 P. 1098; In re Application of Jackson et al, 179 Okla. 577, 66 P. 2d 1101. It is apparent, therefore, that the building permit issued to the plaintiff in 1927 for the erection of the filling station was granted during the period when Ordinance No. 332 was in effect and that such filling station was completed prior to the effective date of Ordinance No. 335.

Assuming that the proposed addition is a filling station within the purview of Ordinance No. 335, the city of Tonkawa having issued a building permit to the plaintiff in 1927 and the plaintiff having acted thereon prior to the enactment of said ordinance, the plaintiff thereby has acquired a vested property right. The plaintiff, having acquired such building permit, having acted thereon and having conducted a lawful business therein continuously since that time, has a vested property right, and the defendants are without power to prevent the plaintiff from making necessary additions to the erected filling station as are needed for its natural expansion, so long as such additions are not detrimental to the public welfare, safety, and health. Royal Baking Co. v. Oklahoma City, 182 Okla. 45, 75 P. 2d 1105; State ex rel. Moore Oil Co. v. Dauben, 99 Ohio St. 406, 124 N. E. 232 and many others. The washing and greasing of cars has been carried on in connection with the filling station, in the open, for years. The proposed addition, the purpose of which is to house that part of the business, is a necessary addition to the existing filling station for its natural expansion. From the testimony, it is apparent that the housing thereof will in no way be detrimental to the public welfare, safety, and health. The proposed addition in no way changes the character of the neighborhood.

Under its police power, a city may regulate the building of new buildings or additions to existing buildings. The city of Tonkawa, as above set forth, has so regulated the building of additions to existing buildings by Ordinance No. 374. The plaintiff has complied with all the requirements provided for in such ordinance.

The second proposition presented is that the construction of the proposed addition to the plaintiff's filling station would not constitute a nuisance.

The evidence, in this respect, discloses that the filling station is built at an angle across the property; that one corner of the proposed addition will come within 18 inches of the sidewalk along the west side of the property; that from this corner of the proposed addition to the street intersection it is approximately 85 feet; that there is a stop line at such street intersection; that in using the proposed addition cars will probably back across the sidewalk; that by reason of the church across the street, at times the traffic is congested; that a great many children use the sidewalk, going to church and playing thereon; that from the north there is an estimated grade of 20% down to the intersection; that not more than six to eight cars could be washed and greased in a day; that cars have been washed and greased, in the open, at such filling station for years; that there would be odors and fumes therefrom; however, the carrying on of such business within a building would in no way cause an increase thereof. Under the evidence in this case the proposed addition would create no additional public hazard, nor would it create any traffic hazard that has not been in existence since the filling station was built and put in operation in 1927. The operation of a filling station is a lawful business and is not a nuisance per se. We think, and therefore hold, that the plaintiff was entitled to a building per-

mit for the building of the proposed addition to the filling station as a matter of legal right and that a peremptory writ of mandamus should have been granted, ordering that such permit be issued.

The judgment of the district court is, therefore, reversed, with directions that the district court issue the peremptory writ of mandamus.

WELCH, C. J., CORN, V.C.J., and GIBSON and HURST, JJ., concur.