MONTGOMERY v. OKLAHOMA CITY et al.

No. 31593. April 3, 1945.

*157 P. 2d 454.*

Earl E. James, of Oklahoma City, for plaintiff in error.

A. L. Jeffrey, Municipal Counselor, of Oklahoma City, for defendants in error.

PER CURIAM. This action was commenced by the plaintiff, L. C. Montgomery, to obtain injunctive relief against the defendants, as officers, and the city of Oklahoma City in the enforcement of an allegedly void ordinance. The cause was tried to the court and the temporary restraining order first issued was dissolved and a general judgment denying the injunctive relief was rendered for the defendants. Plaintiff appeals and in five allegations of error presents the single proposition that the attempted enforcement of the ordinance is illegal, oppressive, and that its operation and enforcement deprives him of his property without due process of law.

The evidence discloses that the city of Oklahoma City has an ordinance requiring plumbing establishments and plumbers to place a label on used or second-hand plumbing fixtures furnished or acquired in the operation of the trade or profession; and for this purpose it furnishes stickers or pieces of paper having the necessary information thereon to disclose the nature of the used fixtures. For the purpose of complying with the ordinance the person is required to apply for an inspection, and thereupon the inspector under the department provided by the city of Oklahoma City examines the fixtures and places a sticker thereon and collects for each sticker the sum of $1. The evidence further discloses that plaintiff is the owner and operator of a second-hand store; that he sells substantial quantities of used plumbing fixtures. His position is that in the acquirement and resale of such used fixtures one-third of such fixtures are purchased and are of a value less than $1 per item; that the ordinance is discriminatory and under its operation he would receive no profit from the articles upon which he is forced to place a sticker which costs more than the value of the items purchased; that in many instances where the articles cost more than $1 he is forced to sell the same at a profit of less than $1 and that if he is forced to place a sticker on the items there would be no profit in the sale of the used articles; that the price of $1 per item as an inspector's fee is unreasonable and has no connection with the expense of the enforcing of the ordinance; that for all of these reasons the ordinance is oppressive, illegal, and void, and that its enforcement and operation against the plaintiff would result in the closing of his second-hand business.

At the trial there was established by competent evidence and found by the trial court that the amount derived from the enforcement of the ordinance is not disproportionate to the cost and expense of enforcement. This finding is supported by the greater weight of the evidence and the only evidence introduced on this point.

It is the position of the defendant

city that the enforcement is a reasonable and necessary provision authorized and operated under the police power; that it is for the purpose of helping to trace stolen property and was enacted at a time when many houses were vacant and when property was being stolen from the vacant houses; that it is still used for such purpose; that its enforcement and the provision not referred to above requiring the registration and report of purchased used plumbing fixtures has led in many instances to the discovery of stolen property and that the enactment of the ordinances results in the protection of society against theft. And also that it results in the protection of society in that defective and dangerous second-hand plumbing fixtures are kept from the homes and places of business by the operation of said ordinance.

Where the language of an ordinance conclusively shows that it was the intention of the city legislators to regulate the business in order to protect the public from imposition and injury, the ordinance is an exercise of the police power or a police regulation. Mitchell v. Lawton, 124 Okla. 60, 253 P. 999. Regulations of the nature involved in this proceeding may press with more or less weight upon one than another, but they are designed not to impose unequal or unnecessary restrictions upon anyone, but to promote, with as little individual inconvenience as possible, the general good. Though in many respects necessarily special in their connection, they do not furnish just ground of complaint if they operate alike upon all persons and property under the same circumstances and conditions. Ex parte San Chung, 11 Cal. A. 511, 105 P. 609.

The police power is very broad and comprehensive and is exercised to promote the health, comfort, safety or welfare of society. Under it, conduct of an individual and the use of property may be regulated so as to interfere to some extent with the freedom of one and the enjoyment of the other. Ex parte Jacobs, 98 N.Y. 98, 50 Am. Rep. 636.

Much must necessarily be left to the discretion of the municipal authorities, and their acts will not be judicially interfered with unless they are manifestly unreasonable and oppressive, or unwarrantably invade private rights or clearly transcend the powers granted to them. The power of the courts to declare invalid what they term an unreasonable legislative regulation of a business or occupation which the citizenry has a constitutional right to follow, although undoubted, must, from the nature of the power, be exercised with the utmost caution and only when it is clear that the ordinance or law so declared void passes entirely beyond the limits which bound the police power and infringes upon the rights secured by the fundamental law. Dillon on Municipal Corporations, §§ 369-379; Mugler v. Kansas, 123 U.S. 661, 8 S. Ct. 297, 31 L.Ed. 205; Barbier v. Connolly, 113 U.S. 31, 5 S. Ct. 359, 28 L.Ed. 923.

Under the evidence offered by the plaintiff himself the only restrictions under the ordinance touching the fixtures in question referred to bathtubs, water closets, outside and inside urinals, thus disclosing the operative effect of the ordinance as limited in the case at bar to those articles upon which no great burden of business operation could be based. The evidence offered showing the payments made by the plaintiff failed to sustain any financial burden commensurate with the allegations of his petition.

Under the rules above referred to, we fail to find any oppression which would authorize the court to set aside the operative effect of the ordinance. The finding of the trial court is supported by substantially all of the evidence offered at the trial.

The judgment of the trial court is affirmed.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, BAYLESS, WELCH, CORN, and DAVISON, JJ., concur.