[Civ. No. 3900. Fourth Dist. Dec. 19, 1949.]

WESLEY R. COLLINS, Respondent, v. C. K. PRIEST, as City Clerk, etc., Appellant.

George S. Dennison for Appellant.

Utt & Hubbard for Respondent.

MUSSELL, J.—On this appeal from the judgment and order granting a peremptory writ of mandate to compel the respondent to issue a license to petitioner to carry on the business of plumbing within the city of Newport Beach, the following facts appear from the agreed statement filed herein. Petitioner was the holder of a valid, unrevoked license as a plumbing contractor issued after he had successfully passed the examination required by the Contractors' State License Board of the State of California pursuant to chapter 9, division 3 of the Business and Professions Code. He applied to the appellant city clerk of the city of Newport Beach for a license to carry on the business of plumbing within the city and tendered the necessary fees therefor. The clerk refused to issue such license upon the ground that petitioner had not first submitted to a practical examination before the examining

board of plumbers of the city and had not obtained from such board a certificate of competency as required by the provisions of ordinance No. 379 of said city.

The sole point to be decided upon this appeal is whether the city can compel the petitioner to pass an examination and obtain a certificate of competency before engaging in his business. This question involves a construction of the provisions of the Business and Professions Code relating to the licensing of contractors generally and the provisions of the Health and Safety Code as to the regulation of plumbing within the limits of municipal corporations.

The provisions of the Business and Professions Code involved, which are contained in division 3, chapter 9, of the code, with particular reference to qualification of applicants for contractors' licenses contained in article 5 of said chapter, require that an applicant for such license shall show "such degree of experience, and such general knowledge of the building, safety, health and lien laws of the state and of the rudimentary administrative principles of the contracting business as the board deems necessary for the safety and protection of the public." The applicant is required to be of good character and the manner in which lack of good character may be shown is specifically set forth. It is further provided therein that upon receipt of the fee and an application furnishing complete information in the manner required by the registrar and after such examination and investigation as he may require, the registrar shall issue a license to the applicant permitting him to engage in business as a contractor under the terms of the chapter. The petitioner is a contractor as the term is defined in said statute.

The provisions of the Health and Safety Code upon which appellant relies are all contained in part 2 of division 1 of the Code and are sections 500, 800, 800.5 and 801, and are as follows:

"Section 500. The governing body of a city shall by ordinance adopt for the regulation of sanitary matters in the city such rules and regulations as are necessary and proper, and shall supervise all matters pertaining to the sanitary condition of the city."

"Section 800. The provisions of this Chapter shall not apply to any city which has prescribed, or does hereafter prescribe, by ordinance its own system for the licensing of plumbers and the regulation of plumbing within such city by its health or building departments."

"Section 800.5. It is unlawful for any person to carry on business, or labor as a master or journeyman plumber, in any city unless he has obtained from the board of health of the city a license authorizing him to carry on that business, or to labor as such mechanic."

"Section 801. A license shall be issued only after a satisfactory examination by the city board of health of each applicant upon his qualifications to conduct that business or so to labor."

█ It is apparent that the State of California has provided a comprehensive system for the examination and licensing of all contractors in the provisions noted in the Business and Professions Code and has occupied the entire field, not only as to competency but as to character of applicants for contractors' licenses throughout the state. It follows that the city of Newport Beach may not provide for additional requirements for a license in a field which is fully occupied by the statute. As was said in *Pipoly* v. *Benson,* 20 Cal.2d 366, at page 370 [125 P.2d 482, 147 A.L.R. 515], "This general rule permitting the adoption of additional local regulations supplementary to the state statutes is subject to an exception, however, which is important in the present case. Regardless of whether there is any actual grammatical conflict between an ordinance and a statute, the ordinance is invalid if it attempts to impose additional requirements in a field which is fully occupied by the statute. Thus, it has been held from an early date that an ordinance which is substantially identical with a state statute is invalid because it is an attempt to duplicate the prohibition of the statute." (Citing cases.)

In *Horwith* v. *City of Fresno,* 74 Cal.App.2d 443 [168 P.2d 767], decided by this court, the city of Fresno had enacted an ordinance requiring electrical contractors to obtain and pay for a business license before engaging in business in the city. The plaintiff applied for such a license but it was refused because he had neglected to pass an examination before the city control board of examiners as required by the ordinance. We there held that the state had adopted a broad and comprehensive plan for licensing contractors throughout the entire state, for examination as to their qualifications and fitness to engage in their various activities, for licensing only those who proved themselves qualified by satisfactorily passing examinations and for punishing those who proved themselves incompetent or unfaithful to the trust imposed in them; that as the licensing of contractors throughout the state is a matter of general

and state-wide concern, it is not a municipal affair that concerns only the inhabitants of a chartered city and which is subject to local regulation.

In *City and County of San Francisco* v. *Boss,* 83 Cal.App. 2d 445 [189 P.2d 32], it was held that a municipal ordinance requiring every contractor, including a painting contractor, to obtain a business certificate or a license before engaging in business was invalid where the ordinance attempted to impose additional requirements in a field occupied by the State Contractors' Law. (Bus. & Prof. Code, § 7000 et seq.)

■ Appellant argues that these cases are inapplicable because the provisions of the Health and Safety Code are a part of a comprehensive system provided by the state for the "regulation of plumbing."

Section 500 of the Health and Safety Code provides for the regulation of sanitary matters in cities by ordinances containing necessary and proper rules and regulations. Such regulation is necessary and proper. However, the quantity and character of plumbing installations is not here involved, and to require petitioner to pass an examination in a manner satisfactory to an examining board of plumbers and to require him to obtain a certificate of "competency" is to invade his rights as a contractor granted under the provisions of the Business and Professions Code, section 7000 et seq.

If the argument of appellant was sound, as was said in *Horwith* v. *City of Fresno, supra,* at page 447, there is no reason why a city could not require lawyers, doctors, dentists and others holding state licenses to pass other and more stringent examinations before being permitted to practice therein.

Judgment affirmed.

Griffin, Acting P. J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 16, 1950.