**CLAXTON v. BARROWMAN et al.**

No. 36020.

Supreme Court of Oklahoma.

Jan. 12, 1954.

Leslie L. Conner, Arnold B. Britton, A. L. Hilpirt, Charles W. Conner, Oklahoma City, for plaintiff in error.

J. D. Holland, Norman, for defendants in error.

CORN, Justice.

Plaintiff is a master plumber, having been issued a master plumber's license in Oklahoma City, his place of residence, in May 1951, after having successfully passed the examination required by such city, pursuant to applicable statutory provisions, 11 O.S.1951 § 451 et seq.

February 2, 1953, plaintiff applied for a plumbing permit in the city of Norman, Oklahoma. His application was denied, and he was advised it would be necessary to make application, post a required fee, and take an examination at a later date before he could be granted a permit. These matters resulted in plaintiff's filing suit for a peremptory writ of mandamus.

The petition named the city clerk and other city officials as defendants, alleged substantially the foregoing matters, plead a contract to install plumbing in a certain residence in the city of Norman and that defendants acts would cause financial loss; that plaintiff was deprived of his rights without due process of law, and had no adequate remedy at law; that by reason of his qualifications issuance of a permit was a purely ministerial function. Plaintiff asked issuance of the writ to compel defendants compliance with statutory duty upon payment of fees required by ordinances of the city. An alternative writ was issued upon plaintiff's application.

Defendants filed return thereto admitting a permit was denied plaintiff but alleging this was because of plaintiff's refusal to comply with existing ordinances pertaining thereto; that the ordinances governing such matters were valid, but plaintiff refused to comply therewith, but demanded issuance of a license in the defendant city solely upon the basis of a master plumber's license issued by the city of Oklahoma City, Oklahoma.

Upon hearing the applicable city ordinance was admitted by stipulation, the portion with which we are concerned herein being as follows:

"Ordinance No. 379

"An Ordinance Providing for a License for Master Plumber Employing and Contracting Plumbers and Steam Fitters for the City of Norman, Oklahoma, Requiring an Examination Therefor, License Fee, Fixing the Qualification, Duties and Fees of said Plumbers, Prescribing Their Qualifications and Providing For the Kind, Character, and Size of the Material to be Used and the Method to be *Instilled*, Regulating the Plumbing to be Installed in Private Garages, Gasoline, Filling and Oil Stations, Fixing the Penalty for the Violations Thereof, Repealing All Ordinances and Parts of Ordinances in Conflict Therewith and Declaring an Emergency."

"Emergency Ordinance.

"Be It Ordained by the Mayor and City Commissioners of the City of Norman, Oklahoma:

"Section 1. Plumbing Business; License Required.

"No person or persons, firm or corporation shall engage in or carry on the business of contracting for doing plumbing or house drainage or steam fitting within the city of Norman, until he, they or it shall first have obtained a license so to do, from the said city as herein provided; and shall have furnished the authorities of said city, satisfactory evidence of his,

their or its responsibility and skill to ply the trade, as herein provided."

The evidence, both by stipulation and oral testimony disclosed plaintiff, a master plumber, held a valid and effective certificate and license, issued by the city of Oklahoma City; having a contract to install plumbing for a relative living in Norman he started to perform the work and went to the city clerk's office to apply for a permit and was referred to the city plumbing inspector; and there advised he would be required to take a written examination before the permit would be issued. Plaintiff objected upon the grounds he already was qualified, and refused to take such examination. Upon cross-examination it was brought out that plaintiff had been issued a permit for plumbing in other cities in the state without being required to take examinations, and he believed his license gave him the right to do plumbing work in any city in the state, if he complied with other necessary requirements, by paying the required fees to the city and filing a surety bond.

The principal witness for defendants served as plumbing inspector of the city of Norman, but was not a licensed plumber. The witness testified he refused plaintiff a permit because of his not being licensed or bonded in Norman as required by the city ordinances, but told plaintiff he could secure a license and permits by taking the examination; plaintiff tendered his Oklahoma City license but the witness told plaintiff he was not interested, and that the only way to secure a license was to take the examination. There was testimony from other witnesses that sometimes they were required to take examinations in other cities and sometimes this was not required. The city of Norman does not license journeyman plumbers.

Defendant's demurrer to plaintiff's evidence was overruled and after hearing argument of counsel the trial court denied the application for peremptory writ of mandamus and entered judgment to this effect, from which plaintiff has appealed.

In 1915 the Legislature enacted a State Plumbing Act, S.L.1915, page 230, providing for establishment of administrative

machinery in all cities and towns of over 2,000 population, in order to regulate the plumbing business. The Act, which became Sec. 8947, C.O.S.1921, placed the examining authority for issuance of license in the examining board and provided the manner in which such boards were to be constituted. The Act further provided that upon examining board being satisfied of the competency of an applicant a certificate should be issued to the applicant, which was to be valid and effective throughout the state. The applicable statutes appear in our code as 11 O.S.1951 § 451 et seq. The composition of the board of examiners is provided for under section 453. Section 454, as amended in 1949, Laws 1949, Page 78, Sec. 1, then provides:

"Meeting of Board—Examinations—Certificates—Fees: Said Board of examiners shall, within ten (10) days after their appointment, meet and shall then designate the times and places for examination of all applicants desiring to engage in or work at the business of plumbing within their respective jurisdiction. Said board shall examine said applicants as to their practical knowledge of plumbing, house drainage and ventilation, and if satisfied of the competency of such applicants, shall thereupon issue a certificate to such applicant authorizing him to engage in or work at the business of plumbing, either as master plumber, or employing plumber or journeyman plumber. The fee for a certificate for a master plumber or employing plumber shall be five ($5.00) dollars; for a journeyman plumber it shall be one ($1.00) dollar, *Said certificate shall be valid and have force throughout the State,* and shall be renewable annually, and all fees received for said certificates shall be paid into the treasury of the city where such certificates are issued."

The foregoing sections of the statutes are those with which we are concerned.

Plaintiff's appeal is based upon the sole proposition that:

"That under the provision of Title 11, Sec. 454, O.S.A., 1951, when an applicant has successfully complied with the examination ordinance of any city or town where an examining board is composed under said law, that the permit issued to him by said board is good throughout the State of Oklahoma, and no city or town can thereafter require the applicant for a permit to take another written or oral examination and that upon his filing his bond and paying his fee is entitled to a permit to install plumbing in said city or town as a master plumber."

The plaintiff's argument is that the plain meaning of the statute is that one who holds a certificate as a master plumber is not limited to the city of issuance, but that such certificate is good throughout the state, and so long as such certificate is valid and in good standing, no other city can thereafter seek to impose further qualification. We are of the opinion plaintiff's argument is well founded.

In an effort to support the trial court's judgment the defendant asserts that the decision is upon established rules of statutory construction, in that the trial court had the duty to construe the legislative enactments so as to make all parts thereof harmonious, and not to so interpret the statute as to nullify a part thereof. Citing Bankers Union Life Ins. Co. v. Read, Insurance Com'r, 182 Okl. 103, 77 P.2d 26. The argument is that a reasonable construction of the statutes is that each city or town was granted the right to enact an ordinance which would be effective when enacted, and by any other interpretation would simply mean that the duly enacted ordinance of one city would be given an extra-territorial effect, thus in effect permitting one city to override ordinances of another city. Citing City of Collinsville v. Brickey, 115 Okl. 264, 242 P. 249. And defendants further cite and rely upon our decision in Montgomery v. Oklahoma City, 195 Okl. 312, 157 P.2d 454. The latter case merely holds that a city ordinance which regulates a business in order to protect the public welfare is a valid exercise of the police power, under which individual conduct and uses of property may be regulated even so as to interfere to some extent with freedom of conduct or enjoyment of property. The inap-

plicability of such rules to the matter herein considered is obvious.

The basis of defendant's argument indicates an apparent misconception of the intent and purpose of the statutes under consideration. The Legislature made no delegation of authority to cities and towns to legislate in regard to the licensing of plumbers. Rather, examination of the various sections clearly reveals that the state was enacting positive legislation regulating the plumbing business in every city or town within the territorial limits of the state having in population an excess of 2,000 persons. The statutory provisions relative to regulation of plumbing are mandatory. See City of Tulsa v. Hunt, 164 Okl. 262, 23 P.2d 640, holding that under the provisions of Sec. 8953, C.O.S.1921, now 11 O.S.1951 § 457, it is the mandatory duty of a city to provide the service of city plumbing inspector.

To uphold the trial court's ruling, herein would require us to nullify the plain intent and purpose of the statutes and declare a rule which would do nothing more than to make every city and town a separate licensing bureau under whatever terms they might see fit to impose. This is not the situation contemplated by the statutes, which plainly require every city and town to require that all plumbing work be done by a master plumber or journeyman plumber and to achieve this end each city is required to have a board of examiners to pass upon the qualifications of those seeking certificates. Nowhere in the different sections regulating the plumbing business are cities and towns given the right to prescribe qualifications—only the board of examiners is permitted to determine fitness upon the basis prescribed, to-wit: examination, in whole or in part in writing, of practical elementary character sufficient to test the applicant's qualifications.

We have not had occasion heretofore to pass upon the precise question here presented. We are, however, cited to the recent California case of Collins v. Priest, 95 Cal.App.2d 179, 212 P.2d 269, wherein this question was considered. Examination of this case reflects that practically the only major difference from this appeal lies in the fact that in California an applicant is required to secure a license by examination from a state board established under the Business and Professions Code. That court held that since the state had provided a comprehensive system for examinations and licensing under such code, the city in question could not by ordinance make additional requirements for a license in a field already occupied by statute. Too, it was pointed out that the argument in support of the city's right to regulate by ordinance would likewise permit a city to require additional examination from lawyers, doctors, dentists and others holding state licenses. See Horwith v. City of Fresno, 74 Cal. App.2d 443, 168 P.2d 767. Although the decisions of other courts are not binding upon this court, many instances appear where they are most persuasive.

We are of the opinion that the plain intent and meaning of the statutes herein considered is regulation of the plumbing business by the state. The license issued to plaintiff was under authority of such statutes.

Having fulfilled the requirements thereunder the city of Norman was without power or authority to make additional requirements or qualifications as a prerequisite to plaintiff's engaging in such trade or business. Upon the showing made by plaintiff it was the duty of the proper city officials to issue the requested permit. In such cases mandamus is the proper remedy to compel such officials to discharge a ministerial act. Magnolia Pet. Co. v. City of Tonkawa, 189 Okl. 125, 114 P.2d 474.

The judgment of the trial court is reversed, with directions to enter judgment for plaintiff in accordance with the views herein expressed.

HALLEY, C. J., JOHNSON, V. C. J., and DAVISON, O'NEAL, WILLIAMS and BLACKBIRD, JJ., concur.