[Civ. No. 9354.   Third Dist.   Apr. 17, 1958.]

JOHN T. LASLEY et al., Respondents, v. WILLIAM BALDWIN, as City Plumbing Inspector, etc., Appellant.

Everett M. Glenn, City Attorney (Sacramento), Burton Lancaster and Lewis, Lewis & Lewis for Appellant.

Richard M. Grossberg for Respondents.

WARNE, J. pro tem.*—This is an appeal from a judgment declaring that the holder of a C-27 landscape contractor's license issued by the state of California has the right to install lawn sprinkler systems within the boundaries of the city of Sacramento without further qualifications, examination or testing by the city.

Appellant took the position that the installing of a lawn sprinkler system required the doing of plumbing and therefore refused respondents the license since they were not master plumbers as required by section 212 of Ordinance Number 1541 of the city of Sacramento. Section 212 of the ordinance provides: ''Before any person, firm or corporation shall carry on, or engage in the business of plumbing he or it shall first procure a Master Plumber's License and pay the annual license fee imposed on such business.'' Section 100 of the same ordinance defines plumbing work as follows: ''The term 'Plumbing Work' as herein provided shall cover all water and sewer pipes, drainage and waste pipes, and vent pipes, repairing and clearing of stoppages, in, or pertaining to, any building or lot upon which same is situated, . . . also all

*Assigned by Chairman of Judicial Council.

material and work used in new construction and reconstruction; alterations or buildings that are moved or placing of new or replacing of old pipes, fixtures and appurtenances thereto belonging which are used to conduct water or gas through, to and from, and be ready for the inspection in all cases distribute it in or about any building for any use whatsoever; also all pipes in connection with the vapor or waste of any kind which may be discharged into the sewers or drains or vent pipes.''

Though not licensed as master plumbers, respondents are, however, licensed by the state of California as landscape contractors, that is, specialty contractors, ''whose principal contracting business is the execution of contracts, usually subcontracts, requiring the art, ability, experience, knowledge, science and skill to intelligently grade and prepare plots and areas of land for architectural horticulture and the decorative treatment, arrangement, planting and maintenance of gardens, lawns, shrubs, vines, bushes, trees and other decorative vegetation; construct pools, tanks, fountains, pavilions, conservatories, hot and green houses, retaining walls, fences, walks, drainage and sprinkler systems; arrange, fabricate and place garden furniture, statuary and monuments, in connection therewith, or to do any part or any combination of any thereof in such a manner that, under an agreed specification, acceptable landscaping projects can be executed.'' Such license is designated ''Class C-27—Landscaping Contractors.'' (16 Cal. Admin. Code, ch. 8, § 747.) Since respondents hold a Class C-27 landscaping contractor's license, issued by the state of California, we feel that to require respondents to be licensed as master plumbers in addition thereto, in order to install sprinkler systems, would violate respondents' rights under their state landscape contractor's license. The state has adopted a broad and comprehensive plan for licensing contractors throughout the entire state, for the examination as to their qualification and fitness to engage in their various activities and being only those who prove themselves qualified by satisfactorily passing examinations, and for punishing those who prove themselves incompetent or unfaithful to the trust reposed in them. (Bus. & Prof. Code, div. 3, ch. 9.) These are matters of general and statewide concern, and a city may not impose additional requirements in a field which is fully occupied by a state statute. (*Pipoly* v. *Benson*, 20 Cal.2d 366, 370 [125 P.2d 482, 147 A.L.R. 515]; *Collins* v. *Priest*, 95 Cal.App.2d 179, 181 [212 P.2d 269].) It therefore

follows that the appellant does not have the right to require the holder of a Class C-27 landscape contractor's license, to be also licensed as a master plumber as a condition precedent to constructing lawn sprinkler systems.

■ Appellant argues that to uphold the decree in this case means simply that any contractor, whether "general engineering," "general building" or "specialty" contractor could employ other persons as his employees to do the work involved, by the employment of persons having a state license whose qualifications are established, not by their own examination but by that taken by another. While the decree permits the holder of a C-27 landscape contractor's license to himself personally do the actual work of installing a sprinkler system including the plumbing, it also provides that: "if such a contractor hires an agent, servant or employee to install or supervise the installation of such a system, the said agent, servant or employee must himself be the holder of a valid and subsisting license authorizing him to perform the services of installing or supervising installation of lawn sprinkler systems," that is, a Class C-27 landscaping contractor's license. We see no reason why the party obtaining the contract may not employ other duly licensed contractors to do the work.

■ Nor does the injunctive portion of the decree leave the city without power to regulate in the field of plumbing. The right of inspection is expressly reserved to the city both by law and the decree. Certainly an incident to such inspection is the right to inspect materials, and the right to determine whether or not construction and installation are proper and safe or meet with the requirements of the Health and Safety Code.

No other points need be discussed.

The judgment is affirmed.

Van Dyke, P. J., and Peek, J., concurred.

A petition for a rehearing was denied May 13, 1958, and appellant's petition for a hearing by the Supreme Court was denied June 11, 1958.