The BEARDEN COMPANY, an Oklahoma corporation, Plaintiff in Error,

v.

The CITY OF TULSA, a municipal corporation, Defendant in Error.

No. 42470.

Supreme Court of Oklahoma.

May 26, 1970.

Rehearing Denied July 7, 1970.

James O. Goodwin, Tulsa, James Dudley Williams, Muskogee, for plaintiff in error.

Charles E. Norman, City Atty., Waldo F. Bales, Deputy City Atty., Tulsa, for defendant in error.

HODGES, Justice.

This is an appeal from an order of a thirty day suspension of a plumbing license by the City of Tulsa, Oklahoma, against the plaintiff in error, The Bearden Company.

Bearden was charged with violating the Plumbing Code of the City of Tulsa, Title 56, Tulsa Revised Ordinances. A hearing was conducted before the Board of Commissioners. Specifically, Bearden was charged with failure to obtain a permit from the City of Tulsa for plumbing work on two houses. Also considered by the Commissioners was a complaint by a resident against Bearden of inadequate and poor plumbing service who had received a bill which included an excessive charge for a city permit. The Commissioners found that the Bearden Company had violated the Plumbing Code of the City of Tulsa as charged, and suspended the license of Bearden for thirty days. Thereafter Bearden filed a petition for injunctive relief in the District Court of Tulsa County, Oklahoma. Upon a hearing based on a stipulated record and arguments of counsel, the trial court found that the action of the Board of Commissioners in suspending the license of Bearden for thirty days was proper and denied their application for a permanent injunction.

For reversal, Bearden submits the following propositions:

(1) That the suspension was not based upon substantial evidence.

(2) That the suspension was unreasonable and excessive.

(3) That the plumbing Code of the City of Tulsa is in conflict with a state statute.

The evidence does not support the above propositions. The city plumbing inspector testified that the city keeps and maintains a list or record of all plumbing permits issued by the city. He said that he examined the records and found no permits for plumbing work on the residences for which Bearden was charged. In absence of any impeaching evidence, the inspector's testimony is authoritative and convincing. Bearden suggests that both the city and his company lost the permits. We find no evidence to support his claim. The Board of Commissioners and the trial court found that Bearden had failed to obtain a permit on these residences as required by the plumbing code. There is competent and substantial evidence to support their conclusion.

We also find no merit in Bearden's contention that the suspension of thirty days was unreasonable and excessive. The record shows that Bearden has been previously reprimanded for prior violations of the plumbing code. The purpose of the plumbing code is to protect the public health, safety and welfare of the citizens of Tulsa. Enforcement of the code is vital if it is to be effective in accomplishing its purpose.

The fact that in some instances late permits are issued under section 18 of the code, which imposes a double fee, does not abrogate the duty of acquiring a permit in the first place. The obvious intent of the plumbing code is to require a permit by a person before commencement of any plumbing work. Section 14 says it is unlawful for any person to proceed with any plumbing work until a permit has been obtained. Section 7 gives the Board of Commissioners of the City of Tulsa the authority to suspend or revoke a license if they find the holder has violated any provision of the code. Bearden's complaint that section 18 is an exclusive and peremptory regulation is not well founded. We find the suspension of Bearden's license for thirty days is just and reasonable and supported by the evidence.

Next, Bearden complains that the plumbing code is in conflict with a state statute for it allows non-experts in the field of plumbing (referring to the Board of Commissioners of Tulsa) to pass upon matters which by state law requires the judgment of experts, citing Claxton v. Barrowman, Okl., 266 P.2d 966 (1954). He argues that 59 O.S. § 1004 requires the membership of at least two trained plumbers on the Plumbing Hearing Board, while the plumbing Code of Tulsa does not have such requirements.

The Claxton case and section 1004 of the state statute refer to the initial examination for a license as a journeyman plumber or contractor. The present case deals only with Bearden's failure to secure a permit for plumbing work. His license as a plumber is not in issue.

The Plumbing Code of Tulsa does not encroach upon the preemption of the State. The legislature has authorized cities to fully supervise, inspect and regulate plumbing within their corporate limits through the enactment of codes, including the registration of plumbers and the securing of permits upon such terms and conditions as they may prescribe. 59 O.S. §§ 1015 and 1020. Section 1020 specifically allows cities to charge fees for the permits and to revoke the same. We find no conflict between the Plumbing Code of Tulsa and the general laws of the State of Oklahoma.

Order affirmed.

BERRY, V. C. J., and DAVISON, WILLIAMS, BLACKBIRD, JACKSON, LAVENDER and McINERNEY, JJ., concur.