**BOZARTH, McCORD AND McCRARY, a partnership, Appellant,**

v.

**OKLAHOMA DEPARTMENT OF TRANSPORTATION, Appellee.**

No. 73439.

Court of Appeals of Oklahoma,
Division No. 3.

April 16, 1991.

Order July 1, 1991.

Gerald G. Stamper, Tulsa, for appellant.

Louis D. Persons, Oklahoma City, for appellee.

## MEMORANDUM OPINION

HANSEN, Judge:

Appellant, Bozarth, McCord and McCrary, is a partnership engaged in the business of erecting and maintaining outdoor advertising signs. It leases billboards to advertisers. Appellant acquired two locations for billboards by lease from the Oklahoma, Kansas & Texas Railroad. The locations are on the railroad right-of-way where it crosses Interstate Highway 235, approximately .2 miles north of Interstate Highway 40 near downtown Oklahoma City.

Pursuant to the requirements of the Oklahoma Highway Advertising Control Act of 1972, 69 O.S.1981 §§ 1271–1285, (The Act), Appellant made application for sign permits from Appellee Oklahoma Department of Transportation (DOT). DOT issued the permits. The City of Oklahoma City then issued building permits for the two signs confirming that the locations were "in zone district: I–3," which is an industrial use classification.

Approximately a year later DOT recalled the permits, stating: "the reason for this cancellation is as follows: The information submitted on the zoning (from the City) was incorrect." Apparently DOT learned the State of Oklahoma and the Oklahoma City Urban Renewal Authority now own the property surrounding the right-of-way. As state property, it is unzoned.

When DOT refused to reconsider cancellation of the permits, Appellant petitioned the district court for a Writ of Mandamus to order DOT to grant the permits.

The case was submitted to the trial court on stipulated facts. In addition to the above stated facts, the stipulation contained the following facts, as summarized:

Erection of the signs is subject to the Act, and it is a criminal offense to erect the signs without permits. The Act permits signs of the type proposed by Appellant in areas zoned for commercial or industrial uses.

Railroad property is not subject to municipal zoning regulation in Oklahoma.

A railroad company may lease its property which is not required for railroad operations to other parties for commercial use. Although the railroad's land is not subject to zoning, the use of the land for non-railroad purposes must be consistent with the character of the surrounding area and with its zoning, if it is zoned. If the land surrounding the property were not State property it would be zoned for industrial use and the signs would be permitted.

The State of Oklahoma is not subject to the enforcement of municipal zoning and use restrictions in its use of the land owned by it.

The trial court denied the Writ of Mandamus based on its finding that granting permits under the Act is discretionary and that DOT's denial of the permits was not fraudulent, capricious or arbitrary and thus not an abuse of discretion. Appellant appeals to this Court, arguing DOT does not have discretion to revoke a sign permit which satisfies all statutory standards.

DOT claims the granting or denial of billboard permits is a totally discretionary act. Thus, it maintains, the trial court did not err in denying the Writ of Mandamus. Such is not the case. When an applicant has complied with all the provisions of the statute, issuance of the permit is a purely ministerial act. If an act is ministerial in nature, mandamus is the proper remedy to require DOT to issue the permit. *Magnolia Petroleum Co. v. City of Tonkawa*, 189 Okl. 125, 114 P.2d 474 (1941). Mandamus was the proper vehicle to compel DOT to issue the billboard permit. *McConnell v. Town Clerk of Tipton*, 704 P.2d 479 (Okla.1985).

DOT has never claimed Appellant's proposed signs fail to meet any of the statutory standards set forth in § 1275 of the Act. To the contrary, DOT stipulated the signs would be permitted except for the fact the State owned adjacent land. Therefore the dispositive issue is whether the State's ownership of land adjacent to the proposed billboard sites deprives the railroad company and Appellant of the right to use or lease its land for billboard construc-

tion in the same manner as if the neighboring land was privately owned. We hold that it does not.

 The Oklahoma Supreme Court long ago established the right of railroads to use or lease their rights-of-way for non-railroad uses, consistent with the use of other land in the area. *McCurley v. City of El Reno,* 138 Okl. 92, 280 P. 467 (1929). Prior to purchase of the adjacent land by the State to construct Interstate 235, the land was indeed zoned industrial, which, DOT acknowledges, permits construction of billboards. The area is still industrial. The State has made no showing of an attempt, nor does the State contend there ever will be an attempt by the State, to develop the land for any other purpose that could be construed as inconsistent with the generic industrial character as it exists now.

DOT premises its absolute discretion to refuse billboard permits on § 1277 of the Act. This section authorizes DOT to enact and adopt rules and regulations for the issuance of licenses and permits for other than on-premise outdoor advertising structures. To give an administrative body the right to pass rules vesting it with absolute discretion to grant or refuse permits would be a violation of our Constitutional proscription against the taking of private property for public use without just compensation. OKLAHOMA CONSTITUTION, art. 2 § 24. Acting authorities are not vested with personal or arbitrary power, but are subject to the control of the courts when it appears they have acted arbitrarily. *City of Wewoka v. Rose Lawn Dairy,* 202 Okl. 286, 212 P.2d 1056 (1949).

DOT stipulated that Appellant had satisfied every requirement for the permits. Contrary to DOT's vague arguments, there has been no attempt to zone the State's adjacent property. This case does not involve the rights of the State to use land that it owns. DOT does not point to any basis for its contention that acquisition of the adjacent property by the State somehow changes its nature to something other than industrial or commercial. Construction of billboards is not inconsistent with the character of the surrounding area.

Denial of the permits merely because the State had acquired the property for construction of the highway, long since completed, is an abuse of discretion. *Magnolia Petroleum Co. v. City of Tonkawa, supra.* The trial court erred in denying the Writ of Mandamus.

REVERSED AND REMANDED with directions to grant the Writ of Mandamus.

HUNTER, C.J., and GARRETT, P.J. concur.

### ORDER

The parties' Joint Motion to Dismiss in the above appeal filed May 10, 1991 is hereby noted. This Court issued an opinion in this appeal on April 16, 1991. No party sought rehearing or certiorari to the Supreme Court. The decision has become final thus no appeal remains to be dismissed.

Motion DENIED.