2002 OK CIV APP 100

### OKLAHOMA TRANSPORTATION AUTHORITY, Plaintiff/Appellee,

v.

### TULSA KAMPGROUND, INC., Defendant/Appellee,

**Eller Media Company, a Delaware corporation, successor in interest to Donrey Outdoor Advertising Company, Defendant/Appellant,**

**George Lieberman, Trustee of the MJ & M Wilson Grandchildren's Trust; Carol Schusterman Wilson, Trustee of the Carol Schusterman Wilson Trust No. 1; Dale Schusterman, Trustee of the Dale Schusterman Trust No. 1; Dale Schusterman, Trustee of the Jeffrey Ryan Wilson # 1 Trust U/A Dated December 31, 1985; Dale Schusterman, Trustee of the Melanie Rachel Wilson # 1 Trust U/A Dated December 31, 1985; Dale Schus-**

---

142

terman, Trustee of the Mark Ross Wilson # 1 Trust U/A Dated December 29, 1988; Cathy Baker, Rogers County Treasurer; and the Board of County Commissioners of Rogers County, Oklahoma, Defendants.

No. 96,664.

Court of Civil Appeals of Oklahoma, Division No. 1.

Sept. 6, 2002.

Roger K. Eldredge, Norman, Wohlgemuth, Chandler & Dowdell, Tulsa, for Appellant.

Lynn A. Mundell, Tulsa, for Appellee Oklahoma Transportation Authority.

Kelly F. Monaghan, Lori Gilliard, Holloway & Monaghan, Tulsa, for Appellee Tulsa Kampground, Inc.

LARRY JOPLIN, Vice–Chief J.

¶ 1 Defendant/Appellant Eller Media Company (Eller), a Delaware corporation, successor in interest to Donrey Outdoor Advertising Company (Donrey), seeks review of the trial court's order denying it compensation in the condemnation action against Defendant/Appellee Tulsa Kampground, Inc. (Owner), Eller and the other Defendants by Plaintiff/Appellee Oklahoma Transportation Authority (OTA). In this proceeding, Eller complains the trial court erred as a matter of both fact and law in denying it compensation for the taking of its valuable, leasehold property rights to erect and maintain advertising billboards on Owners' property. Having reviewed the record, however, we find no errors as alleged, and hold the order of the trial court should be affirmed.

¶ 2 In early 1999, Owner leased a portion of its property to Donrey for the erection of advertising billboards. The printed lease agreements—apparently prepared by Don-

rey—contained "condemnation clauses" which provided in pertinent part:

> In the event that the Lease Site is condemned by an condemning authority, or sold under threat of condemnation by any condemning authority, this Lease shall terminate as of the date that such condemning authority takes actual possession of the Lease Site.

Stricken from the quoted part of the "condemnation clauses," however, followed this language:

> and Owner shall refund to Donrey all prepaid rental as of such date. Donrey shall be entitled to recover from such condemning authority payment for the loss of its leasehold interest, loss of its outdoor structure(s) and for all other losses to which Donrey shall be entitled under applicable law.[1]

Eller subsequently obtained Donrey's rights under the leases.

¶ 3  In 2001, OTA sought a part of Owner's property on which two billboards had been erected for construction of a highway project, and commenced the instant condemnation action. At a hearing for the appointment and instruction of commissioners, OTA and the other Defendants challenged Eller's right to compensation for the "taking" of its leasehold interest.

¶ 4  Upon consideration of the parties' arguments, the trial court directed the parties to brief the issue, and concluded "the language set forth in the relevant billboard lease agreements with [Owner] precludes [Eller] from recovering any compensation from [OTA] or sharing in any commissioners' award." By journal entry in substantial compliance with 12 O.S. § 994(A), the trial court consequently held Eller "does not have

any legal right to compensation" in the condemnation action.

¶ 5  Eller now appeals, asserting an inviolate right to compensation for the taking of its valuable leasehold estate under the Oklahoma Constitution, Art. II, § 7.[2] *See also,* Okl. Const., Art. II, § 24[3]; *Bozarth, McCord and McCrary v. Oklahoma Dept. of Transp.,* 1991 OK CIV APP 30, ¶ 10, 812 P.2d 815, 817. To hold otherwise, says Eller, works a disfavored-in-law forfeiture. *See, e.g.,* 2 Nichols, *Eminent Domain,* § 5.02[6][b].

¶ 6  On the one hand, a tenant at will, occupying the property with the consent of the land owner, but without a lease, ordinarily has no right to a share of the owner's condemnation award. *State ex rel. Dept. of Transp. v. S & S Prop.,* 1999 OK CIV APP 130, ¶¶ 18–19, 994 P.2d 75, 80. On the other hand, " '[a] tenant for years under a written lease is an "owner" of property within the meaning of ... [the] condemnation statutes and is entitled to compensation if his leasehold estate is damaged by the exercise of eminent domain.' " *Phillips Petroleum Company v. Bradley,* 205 Kan. 242, 245, 468 P.2d 95, 98 (1970). *Accord, Perkins Whistlestop, Inc. v. State of Oklahoma, ex rel. Department of Transportation,* 1998 OK CIV APP 7, ¶ 10, 954 P.2d 1251, 1254. However, "[t]he right of the lessee to compensation, as any other right, may be waived or contracted away by the terms of the lease." *Phillips Petroleum Company,* 468 P.2d at 98. *Accord, Garibaldi v. Oklahoma Indus. Finance Corp.,* 1975 OK 108, ¶ 13, 543 P.2d 555, 558.

¶ 7  In the present case, it cannot reasonably be disputed that, by the terms of its lease with Owner, Donrey waived any right to compensation upon condemnation of

---

1. The "condemnation clause" appears thus:

    > In the event that the Lease Site is condemned by an condemning authority, or sold under threat of condemnation by any condemning authority, this Lease shall terminate as of the date that such condemning authority takes actual possession of the Lease Site ~~and Owner shall refund to Donrey all prepaid rental as of such date. Donrey shall be entitled to recover from such condemning authority payment for the loss of its leasehold interest, loss~~

    > ~~of its outdoor structure(s) and for all other losses to which Donrey shall be entitled under applicable law.~~
    (Overstrike original.)

2. "No person shall be deprived of life, liberty, or property, without due process of law."

3. "Private property shall not be taken or damaged for public use without just compensation....."

the leased premises. It likewise cannot reasonably be disputed that as successor in interest to Donrey, Eller's claim succeeds or fails based solely on the rights granted in Owner's lease to Donrey. Inasmuch as Donrey clearly waived any right to compensation upon condemnation of the leased premises, Eller, as Donrey's successor in interest under the lease, has no valid claim to a share of the condemnation award.

¶ 8 The order of the trial court is therefore AFFIRMED.

JONES, J., and BUETTNER, J., concur.