## L. A. Tibbits *et al.* v. N. A. Miller *et al.*

(Filed Feb. 8, 1900.)

1. Injunction—*Pleading—Sufficiency of.* If a bill should be held to be insufficient because it alleges facts upon information and belief, but is yet made the basis of a preliminary injunction, it is not demurrable, since the demurrer admits the facts alleged upon information and belief, and therefore the bill should not be dismissed, the preliminary injunction having theretofore been granted.

2. Pleadings—*Peti.i n—Averments—Fraud.* An averment by the petition, that (1) a third party, to-wit, the Jordans, executed to Miller and Alliger, the defendants, a note and mortgage, and that (2) they were without consideration, and (3) the transaction was for the purpose of defrauding creditors, and that (4) afterwards the land described in the petition was sold to plaintiffs and possession thereof given, and (5) that the sum of $1,100 was taken from the plaintiffs for payment therefor, and (6) that a judgment was afterward rendered upon the said note and the property and possession of plaintiffs taken under execution therefrom, alleges with sufficient definiteness facts which cons.itute fraud.

3. Injunction—*Necessary Allegations to Sustain—Exception to Rule.* The general rule is, that to sustain an injunction the allegations of fact must be in positive and direct terms, but there are some important exceptions, one of which is that where the facts lie only in the knowledge of the defendant, and discovery is sought, the plaintiff may state that he is informed and believes that a fact is true, and therefore charges the fact to be true.

(Syllabus by the Court.)

*Error from the District Court of Pawnee County; before Bayard T. Hainer, District Judge.*

*Clark & Williams,* for plaintiffs in error.

*Edward L. Lemert* and *H. W. Williams,* for defendants in error.

### STATEMENT OF THE CASE.

This was an action brought by the plaintiffs in error, plaintiffs below, in the district court of Pawnee county, to obtain a permanent injunction against the defendants in error, restraining them from the sale of the real estate described in the petition, under an execution issued from the court. A temporary restraining order was allowed, and process issued thereon.

A general demurrer was filed to the petition, which was sustained, and upon this order of the district court and the execution thereto, the case is brought here.

The petition charges that the plaintiffs are the legal heirs of W. M. Tibbits, deceased, and that the said W. M. Tibbits purchased from J. W. Jordan and Tennie Jordan, his wife, about September 15, 1896, and before October 20, 1896, the south half of the northeast quarter of section 18, township 21, range 8 east, by a verbal agreement, and that possession under said contract was delivered by the Jordans to, and valuable and lasting improvements placed thereon by, the said W. M. Tibbits, prior to October 20, 1896; that at said time there was a mortgage on the land, together with other lands owned by the Jordans, for $9,000, and that the consideration for the land purchased by Tibbits was $1,100, which was to be applied on the mortgage when paid by Tibbits; and that thereafter on or about the 23d day of December, 1896, Tibbits paid on said mortgage, which was at the time held by the Arkansas Valley bank, at Pawnee, the sum of $1,100, and a transfer of the interest of the bank in the land and mortgage was taken in the nature of a quit-claim deed, attached to the petition, and made

a part of it, and that about the same time Tibbits took from Jordans a deed for their interest in the land.

The petition further averred the payment of taxes on the land by the plaintiff, and that in June, 1896, the Jordans executed to N. A. Miller and Bud Alliger, the defendants, a note and mortgage, which the plaintiff was "informed and believes was given without consideration, and for the purpose of defrauding creditors, and therefore alleges the same to be a fact, on information and belief," and that on said mortgage and note the said Miller and Alliger obtained judgment in the district court of Pawnee county, on October 20, 1896; that neither the plaintiffs nor W. M. Tibbits was a party or parties to said action; that W. M. Tibbits died in May, 1898, and that his rights in the matter devolved upon the plaintiffs.

That on June 21, 1899, an execution was issued on the judgment, and a levy was made on the property described herein, and that it has been advertised for sale by the defendant, sheriff; that plaintiffs had no knowledge of the pretended lien prior to the levy, and that if the sale be permitted, the rights of the plaintiffs will be irreparably injured.

The prayer sought a temporary restraining order, to be made permanent upon a final hearing, and that the plaintiffs be adjudged the prior purchasers of the real estate, prior to the pretended claim of the defendants, under said judgment, and at least to the extent that they be subrogated to the rights of the Arkansas Valley bank, as mortgages, to the extent of the amount paid on the mortgage as a prior lien to the judgment, and for the taxes and general relief.

A demurrer to the petition was sustained and excepted to, and upon this ruling the case is brought here.

Opinion of the court by

McATEE, J.: The petition, which is sworn to by one of the plaintiffs, avers that on or about June 18, 1896, the Jordans executed to Miller and Alliger, the defendants, a note and mortgage, which this plaintiff "is informed and believes was given without consideration and for the purpose of defrauding creditors, and that he therefore alleges the same to be a fact, on information and belief." If this averment is true, the judgment, of course, is void, and the execution of it should be restrained.

But it is contended by the defendant in error that the averment is not sufficiently made, being upon information and belief. It is true, the general rule is that to sustain an injunction the allegations of fact must be in positive and direct terms, but there are some important exceptions; one of which is, that where the facts lie only in the knowledge of the defendant, and discovery is sought, the plaintiff may state that he is informed and believes that a fact is true and therefore charges the fact to be true.

It has been held that, although a bill which alleges facts on information and belief is insufficient, but is made the basis of preliminary injunction, it is not demurrable, as the demurrer admits the facts alleged upon information and belief, and that therefore the bill should not be dismissed, the preliminary injunction having theretofore been granted. (*Lee v. Clark*, 49 Ga. 81; 10th Ency. Pl. & Pr. 931.)

It is, however, again contended that the allegations of the petition upon the point in question are otherwise insufficient since they do not show in what the fraud consists, and how it has been effected, and that the allegation of the petition is, therefore, simply a conclusion of law.

If this were true, it would, of course, dispose of the point. The rule is that the facts and circumstances which constitute the fraud charged shall be set out clearly, concisely, and with sufficient particularity to apprise the opposite party of what he is called upon to answer. But it is likewise true that, where the facts constituting the fraud are unknown to the party alleging it, a general averment will not render the pleading insufficient, and that in such a case it is only necessary that the facts, so far as known, should be alleged.

Bliss says, in his Code Pleadings, section 211, that it is not sufficient to say that the party "fraudulently procured, or fraudulently induced, or fraudulently did this or that, or that he committed or was guilty of fraud; the facts which constitute the fraud must be stated," and further that: "Fraud is not a fact. It is a name given by law to certain facts, to certain conduct of the accused party." And that "the fact may be misrepresentation, deceit, specifically stated, and the term fraud is the legal epithet applied to such facts."

The petition avers that (1) the Jordans executed to Miller and Alliger, the defendants, a note and mortgage, and that (2) they were without consideration, and (3) this transaction was for the purpose of defrauding creditors, and that (4) afterwards the land described in the

petition was sold to plaintiffs and possession thereof given, and (5) that the sum of $1,100 was taken from plaintiffs for payment therefor, and (6) that a judgment was afterwards rendered upon the said note, and the property and possession of plaintiffs taken under execution therefrom. These allegations are sufficiently specific to constitute fraud, and they could not very well be made more specifically, unless the plaintiffs could have known the secret counsels of those upon whom they charge the fraud. And we think the petition should be sustained, upon the ground that any further or more specific facts would naturally lie in the knowledge of the defendants, and could not reasonably be expected to be in the knowledge of the plaintiffs. If these facts are true, as they are admitted to be true by the demurrer, they would entitle the plaintiffs to a judgment, and we think the cause should be reversed, which is accordingly done.

Hainer, J., having presided in the court below, not sitting; all of the other Justices concurring.