Claude DORRIS, Bob Tanner, E. Z. Mace, Mrs. Charles W. Duke, Willis L. Moore, Leona Banks; Gertrude Proffitt, Charles A. Reed, Phil Coon, C. J. Sharp, Jack T. Alexander and Florence Caughron, Plaintiffs in Error,

v.

W. M. HAWK, Hawk Dairies, a Corporation, Hawk's Hometown Ice Cream, a Corporation, and City of Tulsa, a Municipal Corporation, Defendants in Error.

No. 36852.

Supreme Court of Oklahoma.

Jan. 17, 1956.

Ladner & Livingston, Tulsa, for plaintiffs in error.

Joe B. Houston, Gerald B. Klein, James P. Melone, R. L. Davidson, Jr., Tulsa, for defendants in error, W. M. Hawk & Hawk Dairies.

T. A. Landrith, Jr., City Atty., Edmund Lashley, Tulsa, for defendant in error, City of Tulsa, a Munc. Corp.

PER CURIAM.

Plaintiffs in error, plaintiffs below, brought this action to enjoin the use of certain premises in violation of the zoning ordinance of the City of Tulsa. One of the defendants, Hawk Dairies, a corporation, after the institution of the action, dedicated the premises to the city as an alley and public way. The deed of dedication was presented to the Metropolitan Area Planning Commission and accepted. It was thereafter transmitted to the Board of Commissioners of the City of Tulsa and on August 11, 1953, approved and accepted by them and the Mayor of Tulsa. When plaintiffs learned of the offer of dedication, they amended their petition and made the City of Tulsa a party defendant prior to the official action accepting the dedication. The temporary injunction was dissolved when the dedication was proved and, upon trial on the merits, the court rendered judgment denying plaintiffs injunctive relief. It appears to be conceded that the use of the property by Hawk Dairies as a private way was a violation of the zoning ordinance prior to the acceptance of the dedication by the City of Tulsa.

Hawk Dairies processing plant fronts on the north side of 11th street in Tulsa. This street is a major artery of transportation. On the west side of the processing plant is a driveway used as access to the unloading platforms by the trucks bringing milk to be processed. At one time the trucks had access to the city streets after unloading by turning west to Lewis Avenue across property owned by another business. This right of way is no longer available. For the purpose of moving the trucks, the defendant, Hawk Dairies, who had purchased the property directly north of its driveway, constructed a right of way across this property opening onto 10th street approximately 100 feet east from its intersection with Lewis Avenue. This action and the temporary injunction followed. Tenth Street is not zoned for business use as is Eleventh Street. While the temporary injunction was in force the trucks delivering milk to this processing plant were required to back onto Eleventh Street after unloading. This resulted in considerable traffic congestion until the truck could maneuver into the proper lane of traffic. On occasions, traffic was stopped for blocks in both directions. Approximately 40 trucks of various sizes deliver to the defendant dairy every day. The property dedicated consisted of the new passage way constructed on the Tenth Street side of this block and did not include the pre-existing passage way on the Eleventh Street side.

The controlling question is: May the court enjoin the dedication, acceptance and use of this property as a public alley way? Plaintiffs' first proposition in that the act of the defendant city was arbitrary and for a private purpose and therefore a constructive fraud sufficient to justify injunctive relief.

It is not proposed that the City of Tulsa lacks the power to lay out and open streets and alleys. Likewise, the expediency or wisdom of the acceptance of a dedication and the opening of the street are conceded to be matters for legislative determination; and, therefore, the courts are not authorized to interfere with this decision of the duly constituted council of the city of Tulsa unless their acceptance constitutes constructive fraud. Nevertheless, it is urged that this dedicated alley amounts to nothing more than a private road for the use of the defendant, Hawk Dairies, and that the city cannot accept and open the alley for a private purpose; that to do so is constructive fraud.

Generally, streets and alleys are public ways as distinguished from private ways. The distinguishing characteristic of a public way is that it is open to general

public use, and it is the right to travel upon the street and not the exercise of the right which makes the street public. Its character is not determined by the number of persons who actually use it; if it is open, it is immaterial that but few persons are in a position to make use of it, or that one person is most benefited by it. Its character as a public street is not affected even by the fact that it furnishes access or egress to but a single property owner. Here, we think it makes but little difference that only those persons bringing milk to the defendant's processing plant may have occasion to use the alley. It is the extent of the right to use it, and not the extent to which that right is exercised, that determines the public or private character of the alley. State ex rel. Oregon-Washington R. & Nav. Co. v. Walla Walla County, Wash., 104 P.2d 764. The deed of dedication contains no restrictions and is a complete grant of the use of this property for a public street or alley. It is capable of use by the public insofar as they might need this access to property in the block. There is no other alley. This is not, as were some of the cases cited by plaintiffs, an attempt to secure right of way for purposes inconsistent with its use as a public street and for a use which, in fact, would exclude the public. Nor does the fact that the terminus of the dedicated street fails to connect with another public road, making of it a technical dead end, deprive it of its public character, for we have heretofore held that a *cul de sac* may be dedicated to the public use. Siegenthaler v. Newton, 174 Okl. 216, 50 P.2d 192.

Measured by the foregoing standard the alley is clearly a public way and for a public purpose. However, even though it is apparent that Hawk Dairies will derive great benefit from its use, the record reveals that this defendant is not the only individual who may have use of the alley. In addition to the several independent truckers delivering to this processing plant, there is at least one property owner abutting on the dedicated alley and Lewis Avenue to the west who can make use of it and part of whose property is zoned for business purposes.

Inasmuch as the dedication of the alley and its acceptance by the city were for a public purpose, the action of the City Commission did not constitute constructive fraud.

Because of the manner in which the dedication and acceptance occurred, it is also urged that the action of the City Commission was arbitrary and capricious and therefore justifies injunctive relief, and that the act of acceptance amounts to an amendment of the zoning ordinance without notice and hearing as required. We have heretofore subscribed to the general proposition that we cannot inquire into the motives of legislative action. Furthermore, we have held that the advisability of opening a street that has been dedicated to the public and of the time it shall be opened rest in the discretion of the municipal authorities, and the courts will not interfere with their decisions except possibly in rare cases. Town of Choteau v. Blankenship, 194 Okl. 401, 152 P.2d 379, 171 A.L.R. 87. There have been no authorities or statutes cited to sustain the contention that the plaintiffs were entitled to be heard on the merits of the proposed acceptance of this dedication. Whether a hearing on the merit of accepting the dedication was advisable was purely a decision on procedure by the City Commission. There is no evidence to warrant the conclusion that the Commissioners exceeded their discretionary power as a legislative body. Likewise, since the city had the authority to accept this dedication for public use as an alley, the fact that, incidentally, it will result in the operation of vehicles where they might otherwise be violating a zoning ordinance is immaterial. The opening of this alley is not an amendment of the zoning ordinance. The authorities cited to sustain this proposition are not in point.

There being no evidence in the record to justify injunctive relief, the judgment is affirmed.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner NEASE and approved by Commissioners CRAWFORD and REED, the cause was

assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.