UTILITY SUPPLY COMPANY, INC., an Oklahoma Corporation, Appellee,

v.

CITY OF BROKEN ARROW, Oklahoma, a Municipal Corporation, Appellant.

No. 47236.

Supreme Court of Oklahoma.

July 8, 1975.

Rehearing Denied Sept. 9, 1975.

Patrick A. Williams, and Dale G. Savage, Tulsa, for appellee.

Ray H. Wilburn, Tulsa, and F. A. Petrik, Broken Arrow, for appellant.

HODGES, Vice Chief Justice.

This appeal is brought by the City of Broken Arrow (City). The City has been permanently enjoined from enforcing the provisions of a resolution adopted by its city council which prohibited the use of thirteen-foot sections of four-inch and six-inch cement asbestos pipe within the corporate city limits.

Utility Supply Company, Inc., an Oklahoma corporation, (Utility Supply) sought and was awarded a temporary and permanent injunction against the City to enjoin the enforcement of the following resolution:

"Wayne Cozart was in attendance and requested using 6″ A.C. pipe in the South Park South Addition. Bill Secrest gave the background on the City's experience with this type pipe. At present A.C. pipe is restricted to a minimum size of 8″. Mr. Wood, City Engineer, stated his recommendation had not been changed any since this policy was adopted. If 4″ or 6″ is to be allowed, it should be a maximum of 10-foot joints and 8″ could be as much as 13-foot joints.

A motion was made by Councilman Duensing to amend the policy and allow 4″ and 6″ A.C. pipe not to exceed 10-foot joints. Seconded by Councilman Hood. All for, motion carried."

The resolution was directed at the water lines to be laid within the corporate limits of the City. Utility Supply is a franchised distributor of Certainteed Products Co., who manufactures four and six-inch diameter cement asbestos pipe in thirteen-foot lengths. Because of an internal business policy it does not manufacture the pipe in ten-foot lengths as required by the City's resolution. There are, however, two other companies in the area which manufacture the ten-foot pipe. Utility Supply contends that the enforcement of the resolution would result in a loss of sales and that it is unconstitutional special legislation. The trial court entered temporary and permanent injunctions, finding the legislative action of the city council was unenforceable because the resolution was unconstitutional, invidiously discriminatory, stifled competition, and unreasonable and unnecessary.

The City contends the findings of the trial court were erroneous. It asserts there is no stifling of competition or invidious discrimination because there are two companies that manufacture the ten-foot pipe, and the election by the manufacturer of Utility Supply's pipe to manufacture, although it was capable of manufacturing ten-foot pipe, only thirteen-foot pipe should not restrict the City. It further alleges that the trial court should not have substituted its judgment for that of the legislative council.

■ The question presented for our determination is whether the resolution of the City is arbitrary, capricious and unreasonable. We find it is not.

The power of the City to regulate its system of water works is granted by 11 O. S.1971 § 291:

"All incorporated towns and cities in this State, are hereby authorized and empowered to purchase, erect, lease, rent, manage and maintain any system or part of system of waterworks, hydrants and supply of water, telegraphing, fire signals or fire apparatus that may be of use in the prevention and extinguishment of fires and for domestic purposes; and to pass all ordinances penal or otherwise that shall be necessary for the full protection, maintenance, management and control of the property so leased, purchased or erected. * * *"

The water line will be laid by the developers on public easements and will be inspected, accepted and maintained by the City.

The substance of Utility Supply's evidence was either thirteen-foot or ten-foot sections of cement asbestos pipe in the four-inch and six-inch diameter class could be used in the water lines. There was a difference of opinion in the testimony of the witnesses. A civil engineer testified for the city that the ten-foot pipe has more flex, can hold a greater load flexurally, and has fewer failures than the thirteen-foot pipe.

There was no evidence that the City acted unreasonably, capriciously or arbitrarily. The resolution was passed after lengthy deliberations conducted at several council meetings. The resolution was the result of the considered judgment of the City Council based upon its experience, its specific needs, capabilities and the recommendation of its technical engineering advisors. The experience of the City with this particular type of pipe had great weight in the deliberations as well as the specific and unique needs of the community.

The resolution does not impose any regulation as to how Utility Supply should conduct its business or interfere in the internal affairs of its business. Utility Supply's supplier for its own reasons chose not to manufacture cement asbestos pipe in the four-inch and six-inch diameter in ten-foot sections. The resolution does not designate or specify that any particular manufacturer's produce should be used exclusively. Nor does it prohibit Utility Supply from submitting a bid or supplying the cement asbestos pipe in ten-foot sections if it chooses to manufacture, fabricate or supply it. The resolution is equally applicable to all manufacturers and discriminates against none.

■ It is not the function of courts to substitute their judgment for that of duly-constituted municipal legislative authorities. *Glaser v. Tulsa Metropolitan Area Planning Comm.*; 360 P.2d 247, 250 (Okl. 1961); *Hud Oil & Refining Co. v. City of Oklahoma City*, 167 Okl. 457, 30 P.2d 169, 170 (1934).

■ The position that it would incur some expense to manufacture cement asbestos pipe in ten-foot sections, is not sufficient grounds to invalidate the resolution of the City. Even though the resolution may result in loss of sales by Utility supply, hardship and inconvenience do not in themselves make the resolution arbitrary, capricious or unreasonable. The evidence was the resolution was designed to promote the safety and general welfare of the citizens of Broken Arrow. Under such circumstances the rights of the individual must yield to the rights of the public as a whole. The courts will not interfere with a lawful resolution because it imposes a hardship or because compliance with it is burdensome. *Standard Oil Co. v. Marysville*, 279 U.S. 582, 49 S.Ct. 430, 73 L.Ed. 856 (1929); *Glaser v. Tulsa Metropolitan Area Planning Commission*, 360 P.2d 247 (Okl.1961).

■ The powers of a city and how it should conduct its affairs are legislative functions. The only justiciable question is whether the authority granted or the exercise of it may be denominated as arbitrary and unreasonable. *City of Lawrence v. Robb*, 175 Kan. 495, 265 P.2d 317 (1954).

■■ The police power of a municipality is comprehensive and is exercised to promote the health, comfort, safety or welfare of society. In the enactment of ordinances and regulations much must be left to the discretion of municipal authorities. Their acts will not meet with judicial interference unless they are manifestly unreasonable and oppressive, unwarrantedly invade private rights, clearly transcend the police powers given to them, or infringe upon the rights secured by fundamental law. *Montgomery v. Oklahoma City*, 195 Okl. 312, 157 P.2d 454, 456 (1945).

■ The passage of the resolution was within the delegated powers of the city council. It acted within its constitutional province in dealing with the matter as one affecting public safety and welfare. From the facts as found, it might in the exercise of reasonable judgment have concluded that thirteen-foot pipe was as efficient as ten-foot pipe. This was a matter for its consideration in determining whether the resolution should be enacted. However, the evidence falls short of eliminating the subject from legislative determination or establishing that the resolution was unconstitutional, arbitrary or unreasonable, invidiously discriminatory, or stifled competition.

■ The court may not test in the balances of judicial review the weight and sufficiency of the facts which sustain the conclusion of the legislative body, nor may we set aside the resolution because compliance with it is burdensome. *Standard Oil Co. v. Marysville*, 279 U.S. p. 586, 49 S.Ct. 430, *supra*.

Although the necessity of restricting the pipe to ten-foot joints is disputed, the trial court should not have substituted its judgment for that of the legislative council.

Reversed.

WILLIAMS, C. J., and DAVISON, BERRY, LAVENDER, BARNES and DOOLIN, JJ., concur.

IRWIN and SIMMS, JJ., dissent.